CITY OF MARIANNA *v.* GRAY.

5-274                                    265 S. W. 2d 496

Opinion delivered January 25, 1954.

Rehearing denied March 22, 1954.

*G. H. Burke* and *F. N. Burke,* for appellant.

*D. D. Panich,* for appellee.

J. SEABORN HOLT, J. Whether the trial court correctly overruled appellants' demurrer to appellee's amended complaint is the question presented. We have concluded that the court erred in refusing to sustain the demurrer.

It appears that this is the second appeal in this case, *City of Marianna* v. *Gray,* 220 Ark. 468, 248 S. W. 2d 379. On the former appeal, we held that the trial court erred in overruling the demurrer. On remand, appellee amended his complaint. Appellants, as on the

former appeal, demurred on the ground that appellee had again failed to state a cause of action. As indicated, the trial court overruled this demurrer. Appellants elected to stand on their demurrer, refused to plead further, prayed, and were granted an appeal.

After a careful consideration of appellee's amended complaint, we hold that it contained, in effect, the same facts and allegations that were alleged in his original complaint, and amounted to no more than enlargements thereon. His allegations that the City of Marianna had acted in an arbitrary, unreasonable, and discriminatory manner were also made in his original complaint, and were but opinions and conclusions which are not admitted on demurrer.

Appellee's making a plat a part of his amended complaint, which was not made a part of his original complaint, added no new material facts. In both the original and amended complaint, appellee alleged, in effect, that his store was located at 114 West Main Street, that its size is 30' x 11.9', that he had no means of ingress and egress thereto except through the front door, that he could obtain no other means of ingress and egress, that the City had designated certain parking space for the exclusive use of physicians, that the spaces marked and designated for meters vary in length, and that the City has marked off thirteen spaces for meters on the north side of West Main Street in the block in which his store building is located and are one foot longer than the spaces on the opposite (south) side of the street. The plat tended to verify and explain these locations and added no new facts.

We hold that the enlarged allegations in the amended complaint present no issues that were not fully considered and decided in our former opinion and that that opinion is controlling here. No useful purpose could be served in reiterating what we there said.

The decree is reversed and the cause is remanded with instructions to sustain appellants' demurrer.